Petition of **CONTRERAS.**
No. 146438.

United States District Court
S. D. California, Central Division.
July 16, 1951.

————◆————

There was no counsel of record for Juan Contreras.

H. R. Landon, Dist. Director, Immigration and Naturalization Service, United States Dept. of Justice, Los Angeles, Cal., Ray E. Griffin, Chief of Nationality and Status Section, Lloyd H. Garner, Naturalization Examiner, Los Angeles, Cal., for United States.

PAUL J. McCORMICK, District Judge.

This is a Naturalization proceeding and one having unique and novel elements that the publication of an opinion determining the matter seems to be warranted.

Petitioner is a male, native and national of Mexico, aged seventy-seven, who has lived in the United States continuously since 1892. He has been twice before the Court in person and each time appeared to be of sound body and mind and fully conscious of his surroundings and of the importance and responsibilities of the occasions, which attitudes he demonstrated in his native tongue, Spanish, through interpreters.

Naturalization is asked by the petitioner under the general provisions of the Nationality Act of 1940, 8 U.S.C.A. § 701 et seq. He claims to be entitled to the special exemptions by Section 30 of the Internal Security Act of 1950, 8 U.S.C.A. § 704.

Upon a preliminary hearing duly conducted by an examiner of the Immigration and Naturalization Service through an interpreter (an employee of the Service) the petitioner was found to be "qualified for admission for naturalization, so far as residence, good moral character, and attachment and disposition are concerned."

■ It has been historically the general rule in proceedings for citizenship that the applicant has been required to establish his qualifications to naturalization by means of his testimony in the English language. Section 304 of the Nationality Act of 1940 originally provided thus *in pari materia:* "No person except as otherwise provided in this Act shall hereafter be naturalized as a citizen of the United States upon his own petition who cannot speak the English language * * *."

Strangely, Congress in the Internal Security Act of 1950 amended the aforesaid Section 304 of the Nationality Act by declaring that "No person except as otherwise provided in this Act shall hereafter be naturalized as a citizen of the United States upon his own petition who cannot demonstrate (1) an understanding of the English language, including an ability to read, write, and speak words in ordinary usage in the English language: Provided, That this requirement shall not apply to any person physically unable to comply therewith, if otherwise qualified to be naturalized, or to

any person who, on the date of approval of this amendment, is over fifty years of age and has been legally residing in the United States for twenty years: * * *," (Section 30, Internal Security Act of 1950, approved September 23, 1950; Public Law 831, 81st Congress, 2d session).

Since petitioner meets all qualifications under the general provisions of the Nationality Act as amended and comes under the special exemptions of Section 304 thereof enacted in the Internal Security legislation of 1950, *supra,* he can be naturalized unless his inability to assume an oath of allegiance in our venacular tongue is an insuperable barrier to his admission to citizenship. We think no such Congressional intention is warranted. Petitioner is able to affix his signature at the subscription place of the oath specified in Section 335(b) of the Nationality Act of 1940, as amended by the Internal Security Act of 1950.

■ It is noteworthy in considering the scope and meaning of Congress in the innovated legislation under consideration in this proceeding to observe that both the special exemption provision adverted to and the text of the oath required were amendatory enactments passed on the same date—thus there is a clear manifestation that they are concomitant and cooperative Acts and should be so considered in their application to the facts in the instant naturalization proceeding.

■ The obvious purpose of the remedial legislation under consideration is to enable an alien otherwise qualified for citizenship who is over fifty years of age and who has been legally a resident of the United States for at least twenty years, to become naturalized, notwithstanding the alien's inability to speak or understand English. To preclude such an alien from citizenship because the letter of the statute provides the taking of the oath of allegiance by him in English would nullify the Congressional intention and render the legislation meaningless. Such a result would mean inconsistency in statutory construction and is not judicially favored. United States v. Raynor, 302 U.S. 540, 58 S.Ct. 353, 82 L.Ed. 413.

The Clerk will administer the applicable oath of allegiance in English to the petitioner, and upon the assumption of such oath by petitioner in his native tongue, Spanish, through a qualified interpreter, he will be admitted to citizenship in the United States.